■ 415 EAST 52ND STREET ASSOCIATES, Respondent, v OPPEN-HEIMER & CO., INC., Respondent, and JAMES B. MINTZER, Appel-lant. [638 NYS2d 300] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about September 12, 1994, which granted petitioner's application and ordered the parties to settle a judgment directing respondent garnishee Oppenhei-mer & Co., Inc. to pay over monies in the Individual Retire-ment Account ("IRA") custodial account of respondent judg-ment debtor James B. Mintzer, is unanimously reversed, on the law, and the application is denied, without costs.

In granting the within petition, the IAS Court, after voicing strong reluctance, felt constrained to rely on *Matter of Bank Leumi Trust Co. v Dime Sav. Bank* (202 AD2d 578), a Second Department case which held that an IRA created as the result of a "rollover" from a qualified profit-sharing plan under sec-tion 401 of the United States Internal Revenue Code (26 USC) was not exempt from levy. In reversing the Second Depart-ment, the Court of Appeals (85 NY2d 925, 926) held that: "Under CPLR 5205 (c) (1) and (2) * * * an Individual Retire-ment Account (IRA) created * * * as a result of rollovers from either 'a Keogh (HR-10), retirement or other [qualified section 401] plan established by a corporation' is exempt from a judg-ment creditor's levy."

Accordingly, pursuant to the ruling of the Court of Appeals in *Matter of Bank Leumi Trust Co. v Dime Sav. Bank (supra)*, we reverse. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.